## McLAURIN v. OKLAHOMA STATE REGENTS FOR HIGHER EDUCATION et al.

### Civ. No. 4039.

United States District Court
W. D. Oklahoma.

Oct. 6, 1948.

See also, D.C., 87 F.Supp. 528.

527

Amos T. Hall, Tulsa, Okl., and Thurgood Marshall, New York City, attorneys for plaintiff.

Mac Q. Williamson, Attorney General, State of Oklahoma, Fred Hansen and George T. Montgomery, Assistants to the

Attorney General, attorneys for defendants.

Before MURRAH, Circuit Judge, VAUGHT, Chief Judge, and BROADDUS, District Judge.

PER CURIAM.

By this suit, we were asked to enjoin the defendants from refusing to admit the plaintiff to the University of Oklahoma, for the purpose of pursuing a postgraduate course in education leading toward a doctor's degree. It is said that although having made timely application for admission, and being morally and scholastically qualified, he has been denied admission solely because, as a member of the Negro Race, the laws of Oklahoma forbid his admission under criminal penalty. It is said that in these circumstances, refusal to admit the plaintiff to the University of Oklahoma, for the purpose of pursuing the course of study he seeks, is a deprivation of his rights to the equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States.

Findings of Fact.

I. In accordance with the stipulation, the court finds that the University of Oklahoma is an educational institution maintained by the taxpayers of the State, from funds derived from uniform taxation, and that it is the only educational institution supported by public taxation in which the plaintiff can pursue a postgraduate course leading to a doctor's degree in education.

II. That during the enrollment period for the second semester for the 1947–1948 school term, plaintiff applied for admission to the University for the purpose of taking such courses which would entitle him to a doctor's degree in education, and that at the time of his application, he possessed and still possesses all of the scholastic and moral qualifications prescribed by the University of Oklahoma for admission to the courses he seeks to pursue, and that he was denied admission to the University on February 2, 1948, solely because as a member of the Negro Race, the applicable laws of Oklahoma, 70 O.S.1941 §§ 455, 456 and 457, make it a criminal offense for any per-

528

son to operate a school or college or any educational institution where persons of both white and colored races are received as pupils for instruction, or for any instructors to teach in, or any white person to attend, any such school.

## Conclusions of Law.

I. This suit arises under the Constitution and laws of the United States, and seeks redress for the deprivation of civil rights guaranteed by the Fourteenth Amendment. The court is therefore vested with jurisdiction, regardless of diversity of citizenship or amount in controversy. Hague v. C. I. O., 307 U.S. 496, 514, 59 S.Ct. 954, 83 L.Ed. 1423; Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324. Since a temporary injunction against the enforcement of the State laws on the grounds of their unconstitutionality is sought, the subject matter is properly cognizable by a three judge court under Section 2281 of the Judicial Code, 28 U.S. C.A. § 2281.

II. We hold, in conformity with the equal protection clause of the Fourteenth Amendment, that the plaintiff is entitled to secure a postgraduate course of study in education leading to a doctor's degree in this State in a State institution, and that he is entitled to secure it as soon as it is afforded to any other applicant. Sipuel v. Board of Regents, 332 U.S. 631, 68 S.Ct. 299, 92 L.Ed. 247; Missouri ex rel. Gaines v. Canada, 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208. That such educational facilities are now being offered to and received by other applicants at the University of Oklahoma, and that although timely and appropriate application has been made therefor, to this time such facilities have been denied this plaintiff.

III. The court is of the opinion that insofar as any statute or law of the State of Oklahoma denies or deprives this plaintiff admission to the University of Oklahoma for the purpose of pursuing the course of study he seeks, it is unconstitutional and unenforceable. This does not mean, however, that the segregation laws of Oklahoma are incapable of constitutional enforcement. We simply hold that insofar as they are sought to be enforced in this particular case, they are inoperative.

IV. Our attention has been called to and we have seen a statement of the Governor of this State in which he commits the State to a certain course of action, designed to afford equal segregated facilities to this plaintiff and members of his Race in compliance with the constitutional requirements. In that connection, we think it appropriate to state that it is not our function to say what the State shall do in order to comply with its acknowledged responsibilities to its citizens. Rather it is our function to determine whether what has been done and what is being done meets the constitutional mandate.

V. In the performance of this important function, we sit as a court of equity, with power to fashion our decree in accordance with right and justice under the law. Accordingly, we refrain at this time from issuing or granting any injunctive relief, on the assumption that the law having been declared, the State will comply. We retain jurisdiction of this case, however, with full power to issue such further orders and decrees as may be deemed necessary and proper to secure to this plaintiff the equal protection of the laws, which, translated into terms of this lawsuit, means equal educational facilities.