**McLAURIN v. OKLAHOMA STATE REGENTS FOR HIGHER EDUCATION et al.**

Civ. No. 4039.

United States District Court
W. D. Oklahoma.

Nov. 22, 1949.

Amos T. Hall, Tulsa, Oklahoma, Thurgood Marshall, New York City, counsel for plaintiff.

Mac Q. Williamson, Attorney General, State of Oklahoma, counsel for defendant.

Before VAUGHT, Chief Judge, MURRAH, Circuit Judge and BROADDUS, District Judge.

PER CURIAM.

At a former hearing of this cause, 87 F.Supp. 526, we held the segregation laws of the State of Oklahoma, 70 O.S. 1941

§§ 455, 456 and 457, unconstitutional and inoperative insofar as they deprived the plaintiff of his constitutional right to pursue the course of study he sought at the University of Oklahoma. We were careful, however, to confine our decree to the particular facts before us, while recognizing the power of the State to pursue its own social policies regarding segregation in conformity with the equal protection of the laws. We expressly refrained from granting injunctive relief, on the assumption that the State statutory impediments to equal educational facilities having been declared inoperative, the State would provide such facilities in obedience to the constitutional mandate.

Now this cause comes on for further consideration on complaint of the plaintiff, to the effect that although he has been admitted to the University of Oklahoma, and to the course of study he sought, the segregated conditions under which he was admitted, and is required to pursue his course of study, continue to deprive him of equal educational facilities in conformity with the Fourteenth Amendment.

### Findings of Fact

I. The undisputed evidence is that subsequent to our decree in this case, plaintiff was admitted to the University of Oklahoma, and to the same classes as those pursuing the same courses. He is required, however, to sit at a designated desk in or near a wide opening into the classroom. From this position, he is as near to the instructor as the majority of the other students in the classroom, and he can see and hear the instructor and the other students in the main classroom as well as any other student. His objection to these facilities is that to be thus segregated from the other students so interferes with his powers of concentration as to make study difficult, if not impossible, thereby depriving him of the equal educational facilities. He says in effect that only if he is permitted to choose his seat as any other student, can he have equal educational facilities.

II. He is accorded access to and use of the school library as other students, except if he remains in the library to study, he is required to take his books to a designated desk on the mezzanine floor. All other students who use the library may choose any available seat in the reading room in the library, but a majority find it necessary to study elsewhere because of a lack of seating capacity in the library. The plaintiff says that this secluded and segregated arrangement tends to set him apart from other students and hence to deprive him of equal facilities.

III. He is admitted to the school cafeteria, where he is served the same food as other students, but at a different time and at a designated table. He does not object to the food, the dining facilities, or the hour served, but to the segregated conditions under which he is served.

In the language of his counsel, he complains that "his required isolation from all other students, solely because of the accident of birth * * * creates a mental discomfiture, which makes concentration and study difficult, if not impossible * * *"; that the enforcement of these regulations places upon him a "badge of inferiority which affects his relationship, both to his fellow students, and to his professors."

### Conclusions of Law

I. It is said that since the segregation laws have been declared inoperative, the University is without authority to require the plaintiff to attend classes under the segregated conditions. But the authority of the University to impose segregation is of concern to this court only if the exercise of that authority amounts to a deprivation of a federal right. See Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330.

The Constitution from which this court derives its jurisdiction does not authorize us to obliterate social or racial distinctions which the State has traditionally recognized as a basis for classification for purposes of education and other public ministrations. The Fourteenth Amendment does not abolish distinctions based upon race or color, nor was it intended

to enforce social equality between classes and races. Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256; Cumming v. Richmond County Board of Education, 175 U.S. 528, 20 S.Ct. 197, 44 L.Ed. 262; Gong Lum v. Rice, 275 U.S. 78, 48 S.Ct. 91, 72 L.Ed. 172; State of Missouri ex rel. Gaines v. Canada, 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208. It is only when such distinctions are made the basis for discrimination and unequal treatment before the law that the Fourteenth Amendment intervenes. Truax v. Raich, 239 U.S. 33, 42, 36 S.Ct. 7, 60 L.Ed. 131, L.R.A. 1916D, 545, Ann.Cas.1917B, 283. It is the duty of this court to honor the public policy of the State in matters relating to its internal social affairs quite as much as it is our duty to vindicate the supreme law of the land.

III. The Oklahoma statutes held unenforceable in the previous order of this court have not been stripped of their vitality to express the public policy of the State in respect to matters of social concern. The segregation condemned in Westminister School District v. Mendez, 9 Cir., 161 F.2d 774, was found to be "wholly inconsistent" with the public policy of the State of California, while in our case the segregation based upon racial distinctions is in accord with the deeply rooted social policy of the State of Oklahoma.

IV. The plaintiff is now being afforded the same educational facilities as other students at the University of Oklahoma. And, while conceivably the same facilities might be afforded under conditions so odious as to amount to a denial of equal protection of the law, we cannot find any justifiable legal basis for the mental discomfiture which the plaintiff says deprives him of equal educational facilities here. We conclude therefore that the classification, based upon racial distinctions, as recognized and enforced by the regulations of the University of Oklahoma, rests upon a reasonable basis, having its foundation in the public policy of the State, and does not therefore operate to deprive this plaintiff of the equal protection of the laws.

The relief he now seeks is accordingly denied.

## Application of
## Mrs. Maude Florence Hancock Wilson

Mrs. Maude Florence Hancock Wilson, claiming to be a member of the same class and similarly situated with the plaintiff McLaurin, has renewed her application for entrance to the University of Oklahoma to pursue a course of study in social work, and upon being denied entrance, she comes here seeking the same relief sought by McLaurin in his class action.

The facts are that Mrs. Wilson applied for admission to the University of Oklahoma on January 28, 1948, for the purpose of studying for a master's degree in sociology. She was morally and scholastically qualified to pursue this course of study, and it was unavailable at any separate school within the State of Oklahoma. When her application for entrance was denied, solely because the laws of Oklahoma forbade it, she filed suit in the District Court of Cleveland County, Oklahoma, in May, 1948, for a writ of mandamus to compel her admission on substantially the same grounds now asserted here. Having been denied relief in the District Court, she has perfected her appeal to the Supreme Court of Oklahoma, and that appeal is now pending and undecided. She did not renew her application for admission to the University until October 14, 1948, two days after registration was closed to any applicant for any course of study at the University.

Having elected to pursue an equally adequate remedy in the courts of the State for the purpose of securing equal protection of the laws, and is now actively pursuing that remedy, she is not similarly situated with the plaintiff, McLaurin. Moreover, the course of study she now seeks to pursue is not the same as the one originally sought, and not having applied for admission until all other persons would have been similarly denied admission, she is not within the class for which this suit is prosecuted. The relief sought by her is, therefore, denied.