48 So.2d 35

### Ex parte BANKS et al.
### 6 Div. 972.

Supreme Court of Alabama.
June 30, 1950.

Arthur D. Shores, Oscar W. Adams, Jr., Peter A. Hall and David H. Hood, Jr., all of Birmingham, for petitioners.

Harold M. Cook, of Birmingham, for Board of Com'rs of State Bar.

PER CURIAM.

This is a joint petition by four Negro residents of Alabama for a license to practice law in Alabama without an examination required by section 27, Title 46, Code. We will, for the benefit of this discussion, pretermit the joint nature of the petition in respect to a claim by each wholly independent of that of the others.

The Act of June 1, 1945, Title 52, section 40 (1), Pocket Part, Code, provides that the State Board of Education may provide for residents of Alabama graduate and professional instruction not available to them at State supported educational institutions. It shall determine their qualifications, when they are to be aided financially by the State, and shall provide such graduate and professional instruction at any educational institution as it deems necessary within or without the State, and out of appropriations available for the purpose of supplying such students an amount not exceeding the probable cost of such instruction to them if it were offered at a State supported institution.

These petitioners made application to the State Board of Education for funds to provide legal instruction under that statute and received them. Their qualifications are not questioned. They finished the course, legal instruction, at the institutions approved by the board. One of them was Howard University Law School at Washington, D. C., and one the Lincoln University at St. Louis, Missouri. They received diplomas from those institutions and were approved by the State Bar as proper candidates for examination as to their legal attainments by the board of examiners, as provided in section 27, Title 46, Code. But petitioners are seeking to have licenses granted by this Court without such examination.

The basis of their contention is that graduates of the Law School of the University of Alabama are entitled to such license without an examination by virtue of section 26, Title 46, Code, and they, Negroes, are denied the right to attend the State supported law school, and there is no State supported law school provided in the State which is open to them and in which a diploma authorizes the issuance of a license without examination under section 27, Title 46, supra. They rely on the principles discussed in the following cases: Missouri ex rel. Gaines v. Canada, 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208; Sipuel v. Board of Regents, University of Okl., 332 U.S. 631, 68 S.Ct. 299, 92 L.Ed. 247; Sweatt v. Painter, 70 S.Ct. 848; McLaurin v. Okl. State Regents, 70 S.Ct. 851.

Petitioners knew that the only provision of law for a diploma license was section 26, Title 46, supra, which applies to graduates from the Law School of the University of Alabama and to no other class of persons. They accepted the legal education provided for by the Act of June 1, 1945, as a compliance with the duty of the State to that extent, and did not apply for admission to the Law School of the University of Alabama. So that petitioners stand in the attitude of attending a law school out of the State as a result of their free will.

Section 26, Title 46, supra, does not provide for a diploma license for such a legal education, but section 27, Title 46, Code, requires an examination by the board of examiners. So that the law does not provide for a diploma license for these petitioners.

We are fully conscious of the importance of the questions presented on this application and the arguments made in support of it. We are asked to ignore the provisions of section 27, Title 46, supra, and grant petitioners a license without an examination and without a diploma from the Law School of the University of Alabama. This we believe has never been done by this Court in plain conflict with the statute. In all instances when any person has received legal education out of the State and out of the Law School of the University of Alabama an examination has been required under that statute. While the status of petitioners in that respect is not exactly the same as that of the others, they do occupy a status of voluntarily seeking legal education outside of the State, aided by the State, knowing that in doing so the law does not justify a diploma license. We do not think we should set ourselves directly in conflict with the requirements of our statutes to favor petitioners who have not been denied any legal or constitutional right by the State or its authorities.

The petition is denied as to each petitioner separately.

All the Justices concur, except GARDNER, C. J., not sitting.