## GONZALES et al. v. SHEELY et al.
### Civ. No. 1473.

United States District Court
D. Arizona.
March 26, 1951.

Warren L. McCarthy, County Atty., Joseph F. Walton and Robert Renaud, Deputy County Attys., all of Phoenix, Ariz., for respondents.

LING, District Judge.

By this action petitioners seek to redress the deprivation by respondents herein, under color of state law, of Petitioners' civil rights, secured to them by the laws of the United States, and as guaranteed to them by the laws and Constitution of the United States.

The principle established in Westminster School District of Orange County v. Mendez, 9 Cir., 161 F.2d 774 appears to be controlling.

The segregation practices of the school authorities of the Westminster District denounced by the Court of Appeals, are comparable with those followed in the Tolleson District, and I think petitioners are correct in their contention that such practices as applied to them are discriminatory.

Petitioners are entitled to judgment.

### Findings of Fact.

#### I.

It is true that the Tolleson Elementary School District Number 17 is a legally constituted School District in the County of Maricopa, State of Arizona, town of Tolleson, and Ross L. Sheely, James W. Johnston and Frank E. Babcock are the duly elected, qualified and acting Board of Trustees, and Kenneth Dyer is the School Principal for said School District.

#### II.

It is true that for many years past the foregoing School District has been and now is the owner of and beneficially interested in, and has and does now maintain, operate, manage, and control the public schools within the above mentioned District and system, for the benefit, health, recreation and education of the public and particularly the children residing in the district and system, and for their use and benefit.

#### III.

It is true that the said school district and system and facilities are being main-

Ralph Estrada and Greg Garcia, of Phoenix, Ariz., and A. L. Wirin, of Los Angeles, Cal., for petitioners.

tained, operated, managed and controlled by and through their said Board of Trustees and Principal as before named.

### IV.

It is true that the respondents and each of them, acting with a common plan, design and purpose, by aiding, abetting, advising and assisting each other in the District and system, have adopted and do practice by regulation, custom and usage, rules and regulations and orders in the operation, management and control of their said district, system and facilities as hereinafter stated.

### V.

It is true that for several years last past respondents have, in furtherance and in the execution of their common plan, design and purpose within their system and district, by their regulations, customs and usages, and in execution thereof, adopted and declared and do now adopt and declare: That all children of persons of Mexican or Latin descent or extraction, though citizens of the United States of America, shall be, have been and now are excluded from attending, using, enjoying and receiving the benefits of the education, health and recreation facilities of certain schools within their district and system. That said children of Mexican or Latin descent or extraction are now and have been segregated and required to and must attend and use that certain school in said district and system, reserved for and attended solely and exclusively by children and persons of Mexican or Latin descent or extraction, while other schools are maintained, attended and used exclusively by and for the persons and children purportedly known as white or Anglo-Saxon children.

### VI.

It is true that petitioners and each of them, are citizens of the United States, residents and taxpayers of said town, county and district, and it is true that each and all of petitioners are Mexican or Latin descent or extraction.

### VII.

It is true that petitioners Porfirio Gonzales is the father and next of friend of Gloria and Mary Ellen Gonzales; that he lives and resides in the Tolleson School District No. 17 as aforesaid, and that said children, all minors, are subject to said rules and regulations of said district and segregated and required to attend separate schools within said district.

### VIII.

It is true that petitioner Faustino Curiel is the father and next of friend of Faustino, Jr. and Dora Curiel, who lives and resides within the aforesaid school district, and said children are subject to said rules and regulations of said school district and segregated and required to attend separate schools within said district.

### IX.

It is true that in execution of said rules and regulations, each, every and all the foregoing children are compelled and required to and must attend and use the school in said district reserved for and attended solely and exclusively by the children of Mexican or Latin descent or extraction, and are forbidden, barred and excluded from attending any other school in said district or system, solely for the reason that said children are of Mexican or Latin descent or extraction.

### X.

It is true that each of the petitioners is beneficially interested in the privileges, management, control and operation of said school district and system and its facilities, and as a member of the public and a citizen of the United States, is entitled to the use and enjoyment of the school within his district and system and is privileged and entitled to the use of the school in his district without segregation or discrimination because petitioners are of Mexican or Latin descent or extraction.

### XI.

It is true that petitioners are of good moral habits, not suffering from disability or infectious disease, and are qualified to be admitted to the use of the schools and facilities within their district and system.

## XII.

It is true that respondents and each of them through their agents and employees, acting with common plan, design and purpose, by aiding, abetting, advising and assisting each other within their district and system, have by their regulations, custom and usage, and in execution thereof, at all times mentioned, barred, precluded and denied petitioners and all others of Mexican or Latin descent or extraction from attending, using and receiving the benefits and education furnished to other children residing in said school district and system, and have segregated said children in school attended solely by children of Mexican or Latin extraction, and have denied them the use and right of attendance in other schools, solely for the reason that petitioners are of Mexican or Latin descent or extraction.

## XIII.

It is true that petitioners and others of Mexican or Latin extraction, citizens of the United States, at various times, have sought admission and the right to use and attend other schools within said district, which they otherwise would attend and use, but respondents have, by their regulations, custom and usage, denied them such right and privilege based solely upon the fact that petitioners were of Mexican or Latin descent; that by reason thereof, the injury to petitioners is continuous, great, and irreparable, is calculated to affect and does affect their health, rights, and privileges as citizens of the United States.

## XIV.

Spanish-speaking children are retarded in learning English by lack of exposure to its use because of segregation, and commingling of the entire student body instills and develops a common cultural attitude among the school children which is imperative for the perpetuation of American institutions and ideals. It is also clear that the methods of segregation prevalent in the respondent school district foster antagonisms in the children and suggest inferiority among them where none exists.

## XV.

The only tenable ground upon which segregation practices in the respondent school district can be defended lies in the English language deficiencies of some of the children of Mexican ancestry as they enter elementary public school life as beginners, but such situations do not justify the general and continuous segregation in separate schools of the children of Mexican ancestry from the rest of the elementary school population as has been shown to be the practice in the respondent school district.

## XVI.

The tests that are applied in the respondent school district have been generally hasty, superficial and not reliable, and separate classification has been determined largely by the Latinized or Mexican name of the child. Such methods of evaluating language knowledge are illusory and are not conducive to the inculcation and enjoyment of civil rights which are of primary importance in the public school system of education in the United States.

## XVII.

There is a substantial inequality in the accommodations accorded the petitioners when compared to the facilities and accommodations made available by respondents to children in the district of Anglo-American extraction.

From the foregoing Findings of Fact, and from all the evidence adduced herein, the Court concludes as matters of law the following:

### Conclusions of Law.

#### I.

This action is brought on behalf of petitioners and some 300 other persons of Mexican and Latin descent and extraction, all citizens of the United States of America, residing within said district; the questions involved by these proceedings are of a common and general interest; the parties are numerous, and it is impractical to bring all of them before the court. Therefore, these petitioners sue for the benefit of all.

## II.

This action is brought under the provisions of Section 24 of the Judicial Code of the United States, 28 U.S.C.A. § 1343(3) to prevent the respondents from unlawfully interfering with petitioners' right to the equal protection of the laws to due process of law.

## III.

That by this suit and proceedings, petitioners seek to redress the deprivation by respondents herein, under color of regulation, custom and usage, of petitioners' civil rights, privileges, and/or immunities secured to them by the laws of the United States, and as guaranteed to each of them by the Constitution of the United States of America.

## IV.

The respondents' conduct of segregating public school children of Mexican descent or extraction is discriminatory and is illegal and is in violation of petitioners' rights and privileges as guaranteed by the Constitution of the United States. Such official conduct as Public School authorities in the State of Arizona operates to injure and oppress petitioners herein in the free exercise and enjoyment of their rights and privileges as secured and guaranteed to them as citizens of the United States by the Constitution of the United States, and particularly as provided under the Fourteenth Amendment. That petitioners are entitled to equal accommodations, advantages and privileges in the Public Schools in the State of Arizona and to equal rights and treatment with other persons as citizens of the United States in the use and enjoyment of the facilities of said Public Schools, and to equal protection of the laws in their use and enjoyment of said Public School rights and privileges as provided and afforded to other persons at all times when the same are open and used by them.

## V.

That said regulations, customs and usages whereby Public School pupils in the respondent School District are segregated are unconstitutional, illegal and void, and are being enforced against petitioners and each of them by discriminatory conduct and practices by respondents and by each of them, through their unlawful acts and conduct; and by their execution of such plan, design and purpose in barring petitioners from the uses and privileges of said Public Schools solely for the cause and reasons as stated in the Findings of Fact, respondents violate petitioners' rights and privileges as citizens of the United States. Such acts are discriminatory, illegal and void.

## VI.

Petitioners have no plain, speedy or adequate remedy at law, and petitioners are suffering great and irreparable damage and are entitled to injunctive relief against all respondents, restraining further discriminatory practices against the pupils of Mexican descent in the Public Schools of respondent school district.

## VII.

It is clear from the Constitution and laws of the State of Arizona that the respondents herein should be and are classified as representatives of the State of Arizona to such an extent and in such a sense that the great restraints of the Constitution of the United States set limits to the action of such school boards and such trustees and all of the respondents in this action.

## VIII.

The substantial inequality in accommodations accorded to petitioners as compared to the facilities and accommodations made available by respondents to children of Anglo-Saxon extraction constitutes a denial of the equal protection of the laws as guaranteed to petitioners as citizens of the United States by the provisions of the Fourteenth Amendment to the Constitution of the United States.

## IX.

Segregation of school children in separate school buildings because of racial or national origin, as accomplished by regulations, customs and usages of respondent, constitutes a denial of the equal protection of the laws guaranteed to petitioners as cit-

izens of the United States by the provisions of the Fourteenth Amendment to the Constitution of the United States. Discriminations less acute than those practiced by respondents have recently been held in violation of the Equal Protection clause of the Fourteenth Amendment in McLaurin v. Oklahoma State Regents, 339 U.S. 637, 70 S.Ct. 851, 94 L.Ed. 1149, where the very act of setting plaintiff apart from other students in the same room because of the racial origin of the plaintiff was held to deny plaintiff equal protection. A paramount requisite in the American system of public education is social equality. It must be open to all children by unified school associations, regardless of lineage.

### X.

English language deficiencies of some of the children of Mexican ancestry as such children enter elementary public school life as beginners may justify differentiation by public school authorities in the exercise of their reasonable discretion as to the pedagogical methods of instruction to be pursued with different pupils, and foreign language handicaps may exist to such a degree in the pupils in elementary schools as to require separate treatment in separate classrooms. Such separate allocations, however, can be lawfully made only after credible examination by the appropriate school authorities of each child whose capacity to learn is under consideration, and the determination of such segregation must be based wholly upon indiscriminate foreign language impediments in the individual child, regardless of his ethnic traits or ancestry. But even such situations do not justify the general and continuous segregation in separate schools of children of Mexican ancestry from the rest of the elementary school population, as has been shown to be the practice in respondent school district. Omnibus segregation of children of Mexican ancestry from the rest of the student body in the elementary grades in the schools involved in this action because of language handicaps is not warranted by the record before us.

### XI.

The persons constituting a class are so numerous as to make it impractical to bring them all before the court and, therefore, under Rule 23, Fed.Rules Civ.Proc. 28 U.S.C.A. this action has been properly brought by petitioners as the adequate representatives of the class of persons affected by the official action and activities of the respondents; and as the character of the right sought to be enforced herein is several, and as there is a common question affecting the several rights of such persons constituting a class, and as a common relief is sought by such persons and is available to such persons, the action has been and is properly brought by the petitioners herein, and said petitioners herein are authorized to maintain the action.

### XII.

That a preliminary injunction, pendente lite herein issue declaring that the regulations, customs, usages and practices of respondents herein in segregating persons of Latin and Mexican descent in separate schools within the Tolleson School District Number 17 in the town of Tolleson, County of Maricopa, State of Arizona, are and each is arbitrary, discriminatory, illegal and void, and are and each is violative of petitioners' rights under the Constitution and laws of the United States; and that said respondents, and each of them be restrained and enjoined pendente lite from segregating persons of Latin or Mexican descent in separate schools within the respondent school district in the County of Maricopa, State of Arizona.