**Ceiners JACKSON et al., Appellants,**

**v.**

**MARVELL SCHOOL DISTRICT NO. 22 et al., Appellees.**

**Earlis JACKSON et al., Appellants,**

**v.**

**MARVELL SCHOOL DISTRICT NO. 22 et al., Appellees.**

**No. 20124.**

United States Court of Appeals, Eighth Circuit.

April 29, 1970.

Rehearing Denied May 18, 1970.

John W. Walker, of Walker, Rotenberry, Kaplan, Lavey & Hollingsworth, Little Rock, Ark., for appellants; Philip E. Kaplan, Little Rock, Ark., and Jack Greenberg, James M. Nabrit, III, and Norman Chachkin, New York City, on the brief.

Robert V. Light, Little Rock, Ark., for appellees; Herschel H. Friday and G. Ross Smith, Little Rock, Ark., on the brief.

Before MATTHES, LAY and HEANEY, Circuit Judges.

**PER CURIAM.**

This is the third time we are required to determine whether the appellee school district has adopted and placed into effect a plan for fully desegregating its schools.

In *Jackson II*, decided on October 2, 1969, reported at 416 F.2d 380, 8 Cir., we

reversed the judgment of the district court and directed it "to require the Marvell School District to file * * * a plan which will convert the present organization of the public schools of Marvell to a unitary, nonracial system. The plan shall eliminate all vestiges of the freedom-of-choice provisions and shall be fully implemented and become effective no later than January 19, 1970." Id. at 385.

On remand, the district court entered an order on October 16, 1969, directing the district to submit a plan not later than December 1, 1969, and granting plaintiffs 20 days thereafter to respond. In compliance with that order, the district filed a report in which it proposed to restructure the schools beginning January 19, 1970, as follows: (a) all students in grades 1 through 3 were to be assigned to the site now known as Marvell Elementary School; (b) all students in grades 4 through 9 were to be assigned to the site now known as Tate Elementary School and Tate High School; (c) all students in grades 10 through 12 were to be assigned to the site now known as Marvell High School; (d) all faculty members willing to remain were to be retained and will be so assigned as to realize the maximum utilization of their training and experience without regard to their race.

Under date of December 15, counsel for plaintiffs informed counsel for the school district that in light of the plan proposed by the school district "to which plaintiffs have no objections at this time" there was no need for a hearing to be held.

In the meantime, however, and apparently without knowledge by plaintiffs' counsel at the time the aforesaid letter was written, the superintendent of the district notified all parents in writing of the restructuring of the schools as shown above and further informed them that "insofar as possible students will stay with their same teachers."

The notice from the superintendent precipitated the filing by plaintiffs on January 12, 1970, of a motion to cite the defendants for contempt of court. The motion was premised upon the proposal of the defendants to continue segregation of the classes.

Evidence was not heard on the motion for citation for contempt. However, the district court did hold a hearing on January 14, 1970, at which time the judge ruled from the bench that the plan submitted would be approved with the exception of Subsection (d) relating to the faculty. On January 19, the court's formal order, dated January 16, approving the plan as modified with respect to Subsection (d), was filed. In due time, plaintiffs appealed from that order.

■■ The effect of the approval of the order as demonstrated by correspondence attached to appellees' brief between counsel for appellees and the district judge is to approve the segregation of the races among classes within the several facilities for the remainder of the 1969–70 school year.

Plaintiffs challenge the propriety of the court's failure to require the district to desegregate not only the school facilities but the classes beginning January 19, 1970. They insist that we should reverse and require immediate desegregation of the classes.

We hold the court fell into error in sanctioning the district's ingenious effort to circumvent the plain meaning of our decision. It is settled doctrine that segregation of the races in classrooms constitutes invidious discrimination in violation of the Fourteenth Amendment to the Constitution. Johnson v. Jackson Parish School Board, 420 F.2d 692 (5th Cir., 1970). See McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); McLaurin v. Oklahoma State Regents, 339 U.S. 637, 70 S.Ct. 851, 94 L.Ed. 1149 (1950).

Accordingly, we reverse and remand to the district court. Upon due consideration and with particular reference to the brief time remaining in the school year, we refrain from interfering with

the assignment of students in the Marvell School District for the 1969–70 school year.[1] However, we direct the district court to enter an order requiring the district to fully and effectively desegregate not only all facilities but the faculty and classes effective at the beginning of the 1970–71 school year.

Plaintiffs are allowed costs on this appeal.

---

1. See Hall v. St. Helena's Parish Board of Education, 424 F.2d 320 (5th Cir., 1970), in which the court recalled its previous order of March 6, 1970, ordering immediate desegregation when it discovered that the St. Helena Parish schools were to close for the summer recess at the end of April.