No. 1776, Misc. TIJERINA ET AL. *v.* HENRY ET AL. Appeal from D. C. N. M. dismissed. THE CHIEF JUSTICE took no part in the consideration or decision of this case.

MR. JUSTICE DOUGLAS, dissenting.

Appellants brought this suit as a class action, claiming to represent a class "designated as Indo-Hispano, also called Mexican, Mexican-American and Spanish American, [which is] generally characterized by Spanish surnames, mixed Indian and Spanish ancestry and . . . Spanish as a primary or maternal language." [1] The District Court dismissed the complaint as a class action, holding that appellants' definition of the class was "too vague to be meaningful." [2]

---

[1] Appellants also sought to represent a class designated as "poor," defined as those who qualify for free legal process under certain New Mexico statutes. The District Court ruled that this was not an adequate definition of a class. Appellants do not press a contention of error with regard to this ruling, and I therefore do not deal with that question.

[2] The District Court also held that appellants had failed to prove that they would fairly and adequately represent the class. The court did not elaborate on the basis for this holding, nor did it specify what nature of proof it would require to establish adequate representation. Appellants alleged discrimination against a distinct cultural minority group, and were themselves members of that minority group. Adequate representation requires that the interests of the representatives of the class be compatible with and not antagonistic to the interests of those whom they purport to represent. See, *e. g., Clark* v. *Thompson,* 206 F. Supp. 539, 542, and cases cited. It is difficult to see how the District Court could have concluded that there was any antagonism of interest in preventing discrimination against the class. "Racial discrimination is by definition a class discrimination. If it exists, it applies throughout the class." *Hall* v. *Werthan Bag Corp.,* 251 F. Supp. 184, 186. The District Court's holding may have been based on its doubt that, as regards the appellants' first cause of action, all members of the class would agree that failure to provide Spanish language

Class actions are controlled by Rule 23 of the Federal Rules of Civil Procedure. That Rule does not in terms define a "class," other than by stating that the class must be "so numerous that joinder of all members is impracticable" and that there must be "questions of law or fact common to the class." Certainly those two prerequisites were satisfied in this case. In addition, however, federal courts have required that "[t]he members of a class must be capable of definite identification as being either in or out of it." *Chaffee* v. *Johnson,* 229 F. Supp. 445, 448. See also *Dolgow* v. *Anderson,* 43 F. R. D. 472, 491; *Weisman* v. *MCA Inc.,* 45 F. R. D. 258, 261; 3B J. Moore, Federal Practice ¶ 23.04 (1969).

In my view, the District Court clearly erred in holding that the members of the class were not sufficiently identifiable. The court relied, for example, on the fact that "the complaint is silent as to whether people with some Spanish or Mexican and Indian ancestors, as well as ancestors who are of some other extraction, *i. e.,* French, English, Danish, etc., would be included as members of the class. These considerations make this characteristic so vague as to be meaningless." One thing is not vague or uncertain, however, and that is that those who dis-

---

instruction was a discriminatory action. The burden of affirmatively proving agreement with the substantive claim on the part of all or a majority of the members of the class, however, would appear to be a wholly unreasonable and unnecessary requirement. "Necessarily, a different situation is presented where absent class members inform the court of their displeasure with plaintiff's representation, . . . but the representative party cannot be said to have an affirmative duty to demonstrate that the whole or a majority of the class considers his representation adequate. Nor can silence be taken as a sign of disapproval." *Eisen* v. *Carlisle & Jacquelin,* 391 F. 2d 555, 563. "A class action should not be denied merely because every member of the class might not be enthusiastic about enforcing his rights." Weinstein, Revision of Procedure: Some Problems in Class Actions, 9 Buffalo L. Rev. 433, 460 (1960).

criminate against members of this and other minority groups have little difficulty in isolating the objects of their discrimination. And it is precisely this discrimination, as alleged by appellants in their complaint, that presents the "questions of law or fact common to the class."

This Court responded to a similar contention regarding lack of an identifiable class in a different context in *Hernandez* v. *Texas,* 347 U. S. 475. There, the petitioner claimed that persons of Mexican descent were systematically excluded from jury service in violation of the Equal Protection Clause of the Fourteenth Amendment. The Court held that "persons of Mexican descent" constituted a distinct class to which the equal protection guarantee was applicable. "Throughout our history differences in race and color have defined easily identifiable groups which have at times required the aid of the courts in securing equal treatment under the laws." *Id.,* at 478. And the Court held that one method by which the petitioner could satisfy his burden of proving that persons of Mexican descent constituted a separate class was by showing the attitude of the community. *Id.,* at 479.

What the Court said in *Hernandez* is, I think, pertinent to the question of establishing the existence of a proper class for a class action under Rule 23. There can be no dispute that in many parts of the Southwestern United States persons of Indian and Mexican or Spanish descent are, as a class, subject to various forms of discrimination. Appellants, as members of that class, brought this action to prevent the continuance of alleged discriminatory actions taken against the class. I do not see how it can be seriously contended that this suit is not a proper class action.[3] Indeed, the notes of

---

[3] Maintenance of class actions on behalf of persons of Mexican or Latin descent was allowed in *Mendez* v. *Westminister School Dist.,* 64 F. Supp. 544, and *Gonzales* v. *Sheely,* 96 F. Supp. 1004.

the Advisory Committee to the 1966 amendment of Rule 23 state that "[i]llustrative [of class actions properly brought under Rule 23 (b)(2)] are various actions in the civil-rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration."

The District Court also ruled on the merits of appellants' claims, dismissing their first, third, and fourth causes of action "with prejudice," on the ground that they were based on the Treaty of Guadalupe Hidalgo, and that nothing in that Treaty conferred the rights claimed by appellants.[4] The third and fourth causes of action, however, specifically relied on the Thirteenth and Fourteenth Amendments to the United States Constitution, so that as to them a dismissal with prejudice seems clearly wrong. The court also noted that there was a lack of specific facts pleaded in appellants' complaint to support the allegations of discrimination in the third and fourth causes of action. With regard to appellants' second cause of action, however, the court held that, because a cause of action would be stated if suit were brought on behalf of a properly defined class alleging specific facts, the dismissal should be without prejudice. That reasoning should also apply to appellants' third and fourth causes of action.

In short, I do not think that the District Court's disposition of appellants' complaint should in any way prejudice appellants from obtaining a ruling, as representatives of the Indo-Hispano class, as to the constitutionality under the Fourteenth Amendment of the dis-

---

[4] The fifth cause of action in appellants' complaint, alleging basically the same discrimination as the third and fourth causes of action, was brought only on behalf of the "poor class." I therefore find it unnecessary to discuss the dismissal of this cause of action. See n. 1, *supra*.

crimination presently claimed in the first,[5] third, and fourth causes of action of the complaint in this action.

I would note probable jurisdiction and put this case down for oral argument.

---

[5] I assume that, because appellants' first cause of action rested solely on the Treaty of Guadalupe Hidalgo, the dismissal of that cause of action "with prejudice" would not prevent the bringing of a subsequent action, alleging the same acts of discrimination, based on the Fourteenth Amendment or other constitutional provision.