Lois CHAFFEE, Plaintiff,

v.

Paul B. JOHNSON, Jr., individually and as Governor of the State of Mississippi, et al., Defendants.

Civ. A. No. 3535.

United States District Court
S. D. Mississippi,
Jackson Division.

May 18, 1964.

446

---

Paul O'Dwyer, Carl I. Rachlin, New York City, R. Jess Brown, Jackson, Miss., for plaintiff.

Thomas H. Watkins, Joe T. Patterson, Atty. Gen., E. W. Stennett, Jack Travis, Jr., Jackson, Miss., for defendants.

MIZE, District Judge.

This is an action brought by Lois Chaffee, a citizen of the State of Idaho, against Paul B. Johnson, Jr., Governor of the State of Mississippi, Joe T. Patterson, Attorney General, Leon F. Hendrick, Circuit Judge, Russell D. Moore, III, County Court Judge, William L. Waller, District Attorney, Allen Thompson, Mayor of the City of Jackson, Jack Travis, City Prosecutor, W. D. Rayfield, Chief of Police of the City of Jackson, J. L. Ray, Deputy Chief of Police, and Ross R. Barnett, former Governor of the State of Mississippi. Plaintiff seeks to enjoin the defendants from prosecuting plaintiff under an indictment for perjury returned by a grand jury of Hinds County, Mississippi. Her complaint also demands damages from said defendants for alleged violations of her civil rights.

The complaint alleges that plaintiff is presently awaiting trial under an indictment returned by a grand jury charging her with perjury while testifying in a criminal action in the County Court of Hinds County, Mississippi, on October 15, 1963. It is alleged that the defendants entered into a conspiracy to have the plaintiff indicted and prosecuted for perjury for the purpose of intimidating and discouraging plaintiff and others from engaging in civil rights activities. The various defendants filed answers denying the material allegations of the compaint.

■ The evidence offered by all parties on hearing of plaintiff's motion for a temporary restraining order wholly failed to substantiate the charges made by plaintiff against the defendants. Although plaintiff was present during the hearing, she did not testify in support of the allegations of her complaint. The defendants took the stand and denied the above mentioned allegations of the complaint unequivocally. The plaintiff has, therefore, wholly failed to make a showing which would entitle her to the temporary restraining order which she seeks.

■ It is not for this Court to determine either the innocence or guilt of the plaintiff of the offenses for which she stands charged in the Courts of the State of Mississippi. All rights of the plaintiff, including her constitutional rights, will be protected by the State Courts. As an effort to enjoin the prosecution of the plaintiff for perjury in the State Court, the injunction sought herein is prohibited by 28 U.S.C. § 2283. H. J. Heinz Co. v. Owens, U.S.C.A.9th, 189 F. 2d 505; T. Smith & Son, Inc. v. Williams, U.S.C.A.5th, 275 F.2d 397; Wilson v. Schnettler, 365 U.S. 381, 81 S.Ct. 632, 5 L.Ed.2d 620. Said Section 2283 is not suspended or modified by the Civil Rights Act. Smith v. Village of Lansing, U.S.C. A.7th, 241 F.2d 856; Goss v. State of Illinois, U.S.C.A.7th, 312 F.2d 257. The statutory prohibition is not avoided by enjoining state officials rather than the State Court itself. Sperry Rand Corporation v. Rothlein, U.S.C.A.2nd, 288 F. 2d 245; Furnish v. Board of Medical Examiners of Calif., U.S.C.A.9th, 257 F. 2d 520; Amalgamated Clothing Workers of America v. Richman Bros., 1955, 348 U.S. 511, 75 S.Ct. 452, 457, 99 L.Ed. 600; Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100. Counsel for plaintiff rely primarily on United States v. Wood, U.S.C.A.5th, 295 F.2d 772, which holds that Section 2283 is inapplicable to a suit brought by the United States. This clearly distinguishes it from the case at hand.

■ If this Court had the authority to issue the injunction prayed for, it would not, as a federal Court of equity, issue such injunction in view of the facts disclosed at the hearing. Cleary v. Bolger, 371 U.S. 392, 83 S.Ct. 385, 9 L.Ed.2d 390; Wojcik v. Palmer, U.S.C.A.7th, 318 F.2d 171; Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324; Watchtower Bible & Tract Soc. v. City of Bristol, D.C., 24 F.Supp. 57, affirmed 305 U.S. 572, 59 S.Ct. 246, 83 L.Ed. 361. An injunction staying State criminal proceedings is an extraordinary remedy which will not be indulged in by a Federal Court of equity except in a case clearly demanding it. Bailey v. Patterson, 368 U.S. 346, 82 S.Ct. 282, 7 L.Ed.2d 332; Warner Bros. Pictures v. Gittone, U.S. C.A.3rd, 110 F.2d 292; Murray Hill Restaurant v. Thirteen Twenty One Locust, U.S.C.A.3rd, 98 F.2d 578; American Mercury v. Kiely, U.S.C.A.2d, 19 F. 2d 295; 1 Joyce on Injunctions, Sec. 109A; 1 High on Injunctions, Sec. 10; South Carolina Power Co. v. South Carolina Tax Commission, 286 U.S. 525, 52 S.Ct. 494, 76 L.Ed. 1268; United States v. Corrick, 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263; Meccano Limited v. John Wanamaker, 253 U.S. 136, 40 S.Ct. 463, 64 L.Ed. 822; Westinghouse Electric Corp. v. Free Sewing Mach. Co., U.S.C.A. 7th, 256 F.2d 806; Meiselman v. Paramount Film Distributing Corp., U.S.C.A. 4th, 180 F.2d 94.

■ The complaint alleges, and counsel for plaintiff contend that plaintiff will not receive a fair trial in the Courts of the State of Mississippi. There is no factual basis for any such contention, and there is a strong legal presumption to the contrary. Harrison v. N.A.A.C.P., 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152; Hawk v. Jones, U.S.C.A.8th, 160 F.2d 807; N.A.A.C.P. v. Bennett, D.C. Ark., 178 F.Supp. 191; Browder v. City of Montgomery, D.C.Ala., 146 F.Supp. 127.

■ Realizing that their proof did not support the allegations of the complaint against the defendants, counsel for plaintiff, at the hearing, took the position that an injunction should issue to protect the class which plaintiff purported to rep-

resent. The complaint described the alleged class as all persons who are workers for the end of discrimination and segregation in Mississippi, for the encouragement of the exercise by Negroes in Mississippi of their right to vote and to register to vote, and for the exercise and preservation of civil rights generally in Mississippi. Clearly this is not a proper class action. The vague and indefinite description of the purported class depends upon the state of mind of a particular individual, rendering it difficult, if not impossible, to determine whether any given individual is within or without the alleged class. The members of a class must be capable of definite identification as being either in or out of it. Giordano et al. v. Radio Corp. of America et al., U.S.C.A.3rd, 183 F.2d 558; Mitchell v. Wright et al., D.C.Ala., 62 F.Supp. 580; Reddix v. Luckey, U.S.C.A.5th, 252 F.2d 930. Plaintiff cannot make this a class action by merely calling it such. Whether this is a proper class action involves a question of fact with the burden of proof on the plaintiff. This burden has not been met in this case. Clark v. Thompson, D.C.Miss., 206 F.Supp. 539, affirmed 5 Cir., 313 F.2d 637, cert. den. 375 U.S. 951, 84 S.Ct. 440, 11 L.Ed.2d 312.

The Writ of Injunction and Writ of Habeas Corpus are extraordinary writs and neither should be granted unless the facts require it. It is a general rule that a Writ of Habeas Corpus will not be granted, nor a Writ of Injunction enjoining the prosecution by the State in the State Courts of a criminal action pending therein. A recent case from this circuit is that of Brown v. Rayfield (Richards v. Rayfield), Chief of Police, 5 Cir., 320 F.2d 96, cert. denied 375 U.S. 902, 84 S.Ct. 191, 11 L.Ed.2d 143. In this case emphasis is placed upon the case of In re Wyckoff, and the doctrine of the Wyckoff case was reaffirmed by Judge Tuttle in the Richards and Brown case. The opinion of the Court of Appeals in the Wyckoff case is not reported by West Publishing Company, but is reported in 6 Race Relations Law Reporter 793, and a lengthy opinion reviewing many of the

authorities was written by the District Judge which is reported in 196 F.Supp. 515. The Court of Appeals affirmed the District Court in the Wyckoff case, and application was then made to Mr. Justice Black and Mr. Justice Clark of the Supreme Court, and they, acting for the Supreme Court, denied the writ on the theory that the applicant had not exhausted state remedies. Judge Tuttle wrote a strong opinion indicating that before an applicant would be entitled to a writ he must show that he has exhausted all available state remedies even to the extent of applying to the State Court for a Writ of Habeas Corpus before coming into Federal Court. This rule of law is equally applicable to a petition seeking to enjoin a State authority from prosecuting a criminal case.

Plaintiff's motion for a temporary restraining order is denied.