J. Cl. DeBREMAECKER, Individually, and on Behalf of His Minor Daughter, Christine DeBremaecker, et al., Plaintiffs-Appellants,

v.

Herman SHORT, Chief of City of Houston Police Department, et al., Defendants-Appellees.

No. 29850.

United States Court of Appeals, Fifth Circuit.

Nov. 3, 1970.

Stuart M. Nelkin, Houston, Tex., for appellants.

Joseph G. Rollins, Sr., Asst. City Atty., Houston, Tex., for appellees.

Before GEWIN, MORGAN and ADAMS*, Circuit Judges.

PER CURIAM:

This is an appeal from the denial by the District Court for the Southern District of Texas of a preliminary injunction to prohibit the harassment, intimidation and arrest of the appellants, Dr. DeBremaecker, a professor at Rice University, and his daughter Christine, and the purported class they represent while engaged in the peaceful activity of distributing handbills at public places in the City of Houston by the Houston Police Department, and a ruling that the appellants' amended complaint was insufficient to allege a class action under Rule 23, Federal Rules of Civil Procedure. We affirm the district court's dismissal of the class action, but vacate the court's order denying the preliminary injunction and remand with directions, more fully detailed below.

I. *Class Action.*

In Paragraph IV of their amended complaint, the appellants assert that

* Of the Third Circuit, sitting by designation.

they "bring this action on their behalf and on behalf of all other persons similarly situated pursuant to Rule 23(a) and (b) (2) of the Federal Rules of Civil Procedure." The averment defines the class sought to be represented as "residents of this State active in the 'peace movement' who have been harassed and intimidated as well as those who fear harassment and intimidation in exercising their First Amendment right of free expression in the form of passing out leaflets in furtherance of their cause." The rest of the paragraph merely tracks the language of Rule 23.[1]

It is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable. Weisman v. M C A Inc., D.Del., 1968, 45 F.R.D. 258; Hardy v. United States Steel Corporation, N.D.Ala., 1967, 289 F.Supp. 200; 3A Moore's Federal Practice (2nd Ed., 1969) ¶23.04. See Rule 23(a), Fed.R.Civ.Procedure. Cf. Gillibeau v. City of Richmond, 9 Cir., 1969, 417 F.2d 426. These requirements were not, in our opinion, satisfied. A class made up of "residents of this State active in the 'peace movement' * * *" does not constitute an adequately defined or clearly ascertainable class contemplated by Rule 23, nor was there any evidence introduced at the hearing on the motion for a preliminary injunction, held May 1, 1970, which would have assisted the district court in more accurately delineating membership in a workable class. Furthermore, even aside from the patent uncertainty of the meaning of "peace movement" in view of the broad spectrum of positions and activities which could conceivably be lumped under that term, the class defined in Paragraph IV is overbroad in another sense. The activity complained of here, viz. harassment by members of the Houston Police Department under the color of a void city ordinance, could not have a "chilling effect" on the First Amendment rights of all Texas residents who desire to publicize their particular position on the war in Vietnam *outside* the City of Houston. In view of the language used in the complaint and the evidence produced at the preliminary injunction hearing, we cannot say that the district court was incorrect in holding that a class action was not maintainable.

## II. *Preliminary Injunction.*

 In support of their request for injunctive relief, the appellants have alleged and offered testimony to the effect that at various times while they were engaged in the distribution of literature critical of the United States' position in Southeast Asia to pedestrains on the public sidewalks and at other public places in the City of Houston, they have been confronted by members of the Houston Police Department and asked to produce a city permit to pass out handbills or face arrest, and that on one of these occasions the appellants were in fact arrested and charged with passing out handbills without a permit.[2]

---

1. Paragraph IV of appellants' amended complaint provides in its entirety:
 Plaintiffs bring this action on their behalf and on behalf of all other persons similarly situated pursuant to Rule 23(a) and (b), (2) of the Federal Rules of Civil Procedure. The members of the calls similarly situated are residents of this State active in the "peace movement" who have been harassed and intimidated as well as those who fear harassment and intimidation in exercising their First Amendment right of free expression in the form of passing out leaflets in furtherance of their cause. The members of this class are so numerous as to make joinder impractical; there are questions of law and fact common to the class; the claims of the representative parties fairly and adequately protect the interests of the class. In addition, the defendants opposing the class have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

2. The formal complaint finally lodged against Dr. DeBremaecker charged him with littering in violation of Section 25-140 (formerly Section 3-4) of the Code of the City of Houston. The complaint

Appellants further allege that Section 25–140 of the Code of the City of Houston[3] (1958) under color of which the alleged harassment and arrest took place was declared unconstitutional, at least insofar as it prohibited the distribution of non-commercial handbills, by the Texas Court of Criminal Appeals in 1934. Ex parte Pierce, 1934, 127 Tex.Cr.R. 35, 75 S.W.2d 264 (no writ history). The City of Houston contends, in essence, that the appellants were littering the streets and thereby endangering passers-by and that the City of Houston may constitutionally prohibit such activity. After a partial hearing, the district court denied appellants' motion for a preliminary injunction. This appeal is before us under 28 U.S.C. § 1292(a).

Ordinarily, the issue presented by a denial of a preliminary injunction is whether the district court abused its discretion. United States v. Edwards, 5 Cir., 1964, 333 F.2d 575; Perry v. Perry, 1951, 88 U.S.App.D.C. 337, 190 F.2d 601. On the other hand, appellants contend that in this case the denial of the preliminary injunction should be treated as a denial of the permanent injunction and reviewed on the merits since it deals with First Amendment rights. See Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); United States v. Edwards, *supra*, 333 F.2d at 579 (dissenting opinion). However, given the present disposition of the case, such a review of the denial of the preliminary injunction is unnecessary, regardless of the proper test to be employed.

On October 6, 1970, one day before this case was submitted on oral argument, the Houston City Council passed a comprehensive ordinance regulating, among other things, the distribution of non-commercial handbills.[4] In view of this change of circumstance and the necessarily forward looking nature of any injunctive relief that may be finally granted in this case, it would be more expeditious to vacate the district court's denial of the preliminary injunction and remand the entire matter back to the district court for a prompt determination on the merits of appellants' request for a permanent injunction. In this way the district court can determine the constitutionality of the past conduct of the City of Houston as well as the constitutionality of the newly enacted ordinance and grant whatever relief may be necessary to secure the appellants' rights. At the same time, leave ought to be granted to the appellants to amend the paragraph of their complaint dealing with the class action so as to allow them the opportunity to adequately define a clearly ascertainable class which they are qualified to represent under the requirements of Rule 23 in accordance with the views expressed in this opinion.

Vacated and remanded with directions.

---

was later quashed. Dr. DeBremaecker's daughter Christine, the other appellant in this case, was treated as a juvenile and not confronted with formal charges.

3. Sec. 25–140. Handing out or scattering advertising matter on streets, etc.

No person shall give or hand to any person passing through or upon the streets or sidewalks, or loosely scatter or throw any bills of paper or other advertising matter, or loose material, on the surface of any of the public streets or ways, or on the public grounds of the city or within the yards of private residences.

4. The new ordinance is entitled:
AN ORDINANCE AMENDING ARTICLE I OF CHAPTER 3 (ADVERTISING) OF THE CODE OF ORDINANCES OF THE CITY OF HOUSTON, TEXAS, FOR THE PURPOSE OF REVISING THE REGULATIONS APPLICABLE TO THE DISTRIBUTION AND POSTING OF HANDBILLS AS HEREIN DEFINED; PROVIDING FOR THE CLASSIFICATIONS OF HANDBILLS AS COMMERCIAL AND NON-COMMERCIAL AND REQUIRING A CLEAN UP FEE TO BE PAID FOR THE DISTRIBUTION OF EITHER TYPE OF HANDBILL; PROVIDING A PENALTY; PROVIDING A SEVERABILITY CLAUSE; AND PROVIDING A REPLACING CLAUSE; AND DECLARING AN EMERGENCY.