**VIETNAM VETERANS AGAINST THE WAR et al., Plaintiffs,**

v.

**Louis BENECKE et al., Defendants.**

Civ. A. No. 19572-3.

United States District Court, W. D. Missouri, W. D.

June 27, 1974.

---

3. Doc. # 19.

4. Fed.R.Civ.P. 1.

Arthur A. Benson, II, Kansas City, Mo., for plaintiffs.

Aaron A. Wilson, City Counselor, Kansas City, Mo., for defendants.

ORDER DENYING REQUEST THAT THIS ACTION BE MAINTAINED AS A CLASS ACTION, AND FINAL JUDGMENT DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION, FAILURE TO COMPLY WITH LOCAL RULE 20, FAILURE TO ESTABLISH STANDING, AND LACK OF PRESENTLY COGNIZABLE JUSTICIABLE CONTROVERSY

WILLIAM H. BECKER, Chief Judge.

This is an action under Sections 1983 and 1985, Title 42, United States Code, and Section 2201, Title 28, United States Code, for injunctive and declaratory relief to "redress deprivation by defendants . . . purportedly acting under state law, of plaintiffs' rights, privileges and immunities secured by the Constitution of the United States." Specifically, plaintiffs allege that they have been deprived of their right to assemble peacefully and to be free from illegal practices which contravene the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

In support of their contentions, the plaintiffs state that the Vietnam Veterans Against the War obtained a policy permit, prior to July 4, 1971, to conduct a march on that day, but that they were not allowed to proceed as long as Jack R. Smith, a member of the color guard, carried the American flag in an inverted position from the pole; that Smith was arrested by Patrolman Houx of the Kansas City, Missouri Police Department and charged under Section 26.125 R.O. Kansas City, Missouri, with "desecration of the American flag by flying it upside down"; that Kansas City selectively enforces Section 26.125 against those who use the flag to express dissenting views; that members of the Kansas City, Missouri Police Department have attended public assemblies and demonstrations and keep "dossiers" on those in attendance; and that the practices described above " . . . significantly deter the free exercise, of dissident persons, of rights of political association, assembly and speech."

Plaintiffs, stating that they have no adequate remedy at law, seek the following relief against the defendants:

"a) A preliminary injunction restraining the defendants, their agents and employees from interfering with any lawful march, demonstration, assembly, or other gathering on the basis of the type of flag, banner, emblem, or ensign being flown or the manner in which said flag, banner, emblem or ensign is being flown;

"b) A permanent injunction restraining the defendants, their agents and employees, from interfering with any lawful march, demonstration, assembly, or other gathering on the basis of the type of flag, banner, emblem, or ensign being flown or the manner in which said flag, banner, emblem or ensign is being flown;

"c) A preliminary injunction restraining the defendants, their agents and employees, from enforcing Section 26.125, R.O., Kansas City, Missouri, Desecrating the Flag;

"d) A permanent injunction restraining the defendants, their agents and employees, from enforcing Section 26.125, R.O., Kansas City, Missouri, Desecrating the Flag;

"e) A declaration that Section 26.-125, R.O., Kansas City, Missouri, Desecrating the Flag, is unconstitutional on its face and as applied by the City of Kansas City and the Kansas City, Missouri Police Department;

"f) A preliminary injunction restraining the defendants, their agents, and employees, from gathering information from and about plaintiffs and the class they represent through compiling intelligence files and photographs of plaintiffs and members of plaintiffs' class on the basis of the latter's participation in or attendance at the First and Fourteenth Amend-

ment protected meetings, demonstrations, and public assemblies held by citizens' groups whose political and social views are considered dissident or 'unorthodox' by government officials and/or the Kansas City, Missouri Police Department;

"g) A permanent injunction restraining the defendants, their agents and employees, from gathering information from and about plaintiffs and the class they represent through compiling intelligence files and photographs of plaintiffs and members of plaintiffs' class on the basis of the latter's participation in or attendance at the First and Fourteenth Amendment protected meetings, demonstrations, and public assemblies held by citizens' groups whose political and social views are considered dissident or 'unorthodox' by government officials and/or the Kansas City, Missouri Police Department;

"h) A preliminary injunction restraining the defendants, their agents and employees, from disclosing to other law enforcement agencies, government agencies, private employers, or other persons or groups not expressly authorized by this Court, any information contained in the police intelligence files heretofore compiled and maintained by the Kansas City, Missouri Police Department;

"i) A permanent injunction restraining the defendants, their agents and employees, from disclosing to other law enforcement agencies, government agencies, private employers, or other persons or groups not expressly authorized by this Court, any information contained in the police intelligence files heretofore compiled and maintained by the Kansas City, Missouri Police Department;

"j) An Order requiring the defendants to destroy the intelligence files for plaintiffs and members of plaintiffs' class now in their possession and any other similar dossiers of political and personal information which violate the Constitutional rights of the plaintiffs and the class they represent;

"k) A declaration of the unconstitutionality of the police intelligence gathering processes and compilation, maintenance and use of police intelligence files described in this complaint;

"l) An Order appointing a special master to supervise defendants' compliance with the injunctions described in subparagraphs a) through i) above, with such powers of inspection and supervision as are necessary to insure faithful compliance with the Courts' Orders and to restore complete public confidence in the vitality of the rights of free speech, assembly, association and petition in the City of Kansas City, Missouri; and

"m) Any further relief which the Court may deem appropriate."

The plaintiffs purport to bring the present action as representatives of a class, invoking Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. In the complaint, the class is defined in the following terms:

" . . . The plaintiffs and the other members of the class are persons who attend or participate or who wish to attend or participate in any public assembly or demonstration in Kansas City, Missouri held by citizens groups or organizations whose political or social views conflict with those of the officials in the government or the Kansas City, Missouri Police Department."

On August 20, 1971, an order was entered directing the plaintiffs to show cause why the complaint should not be dismissed for failure to invoke available state remedies. Following the filing of a motion for an extension of time to respond to that order and the grant thereof by order of September 1, 1971, plaintiffs filed herein on September 20, 1971,

their response to the order to show cause. On September 28, 1971, defendants filed herein their "Memorandum in Support of Court's Order to Show Cause." On September 30, 1971, counsel for defendants filed herein his "Suggestions in Favor of Dismissal Pursuant to the Court's Order to Show Cause Dated August 20, 1971."

Following the submission of interrogatories by both parties, counsel for plaintiffs filed herein on December 21, 1971, a "Request for the Production of Documents for Inspection and Copying." Counsel for the defendants filed his response and objections to the plaintiffs' request for documents on January 6, 1971. On March 13, 1972, counsel for the plaintiffs filed herein another request for the production of documents for inspection and copying." Counsel for the defendants filed his response and objections to this second request for production of documents on March 28, 1972.

On September 20, 1972, this Court entered an order setting a hearing on the class action issue and on the plaintiffs' motion for production of documents. That hearing was set for and held on October 10, 1972, during which evidence and oral argument was presented to this Court. Substantially all documents sought to be discovered by plaintiffs were produced and inspected. At the request of counsel for plaintiffs, the parties were granted leave to file their respective briefs on the class action and discovery issues.

Counsel for plaintiffs filed herein his pretrial memorandum on the class action and discovery issues on November 10, 1972. Following the filing of a motion for an extension of time and the grant thereof by order of this Court dated November 28, 1972, counsel for the defendants filed herein his pretrial memorandum on December 21, 1972.

*Class Action Determination*

■■■ To be maintained as a class action, the action must meet all the requirements of Rule 23(a) and must come within one of the subsections contained in Rule 23(b) of the Federal Rules of Civil Procedure. Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir. 1968); Epstein v. Weiss, 50 F.R.D. 387 (E.D.La.1970); Worthen Bank & Trust Co. v. National Bank Americard, Inc., 345 F.Supp. 1323 (E.D.Ark.1972), reversed on other grounds, 485 F.2d 119 (8th Cir. 1973); 3B Moore's Federal Practice, ¶ 23.03, pp. 20, 23–228 (2d ed. 1974). The burden is on the party who seeks to establish the class action to prove the right to do so. Cook County College Teachers Union, Local 1600, AFT, AFL–CIO v. Byrd, 456 F.2d 882 (7th Cir. 1972), cert. denied, 409 U.S. 848, 93 S.Ct. 56, 34 L.Ed.2d 90 (1972); Arias v. Examining Board of Refrig. & Air Cond. Tech., 353 F.Supp. 857 (D.P. R.1972); Barber v. Rader, 350 F.Supp. 183 (S.D.Fla.1972); In re Yarn Processing Patent Litigation, 56 F.R.D. 648 (S.D.Fla.1972); 3B Moore's Federal Practice, ¶ 23.02–2, pp. 16, 23–156 (2d ed. 1974). Before considering the criteria established by Rule 23, however, it is first necessary to determine whether the class exists and is capable of legal definition. Thomas v. Clarke, 54 F.R.D. 245, 248 (D.Minn.1971); Kriger v. European Health Spa, Inc. of Milwaukee, Wisconsin, 56 F.R.D. 104, 105 (E.D. Wis.1972); Allen v. Pipefitters Local Union No. 208 of Denver, Colorado, 56 F.R.D. 473 (D.Colo.1972); 3B Moore's Federal Practice, ¶ 23.04 pp. 22–23, 23–253 (2d ed. 1974).

Plaintiffs have not sought to refine or redefine their definition of the class, although there has been ample opportunity to do so. The purported class remains as originally defined in the complaint and, as stated in plaintiffs' pretrial brief, " . . . would encompass all persons of political or social persua-

sion different than government officials and officers of the Kansas City, Missouri Police Department . . . ." (Emphasis added.)

In Chaffee v. Johnson, 229 F.Supp. 445 (S.D.Miss.1964), affirmed, 352 F.2d 514 (5th Cir. 1965), cert. denied, 384 U. S. 956, 86 S.Ct. 1582, 16 L.Ed.2d 553 (1966), a case analogous to the one at bar, the proposed class was defined as all persons who work for the end of discrimination and segregation in Mississippi, and for the exercise and preservation of civil rights generally. In denying the maintenance of the action as a class action, the Court held as follows:

"  . . . The vague and indefinite description of the purported class depends upon the state of mind of a particular individual, rendering it difficult, if not impossible, to determine whether any given individual is within or without the alleged class. The members of a class must be capable of definite identification as being either in or out of it." Chaffee v. Johnson, 229 F.Supp. 445, 448 (S.D.Miss.1964).

In Koen v. Long, 302 F.Supp. 1383, 1388–1389 (E.D.Mo.1969), affirmed, 428 F.2d 876 (8th Cir. 1970), cert. denied, 401 U.S. 923, 91 S.Ct. 877, 27 L.Ed.2d 827 (1971), the Court concluded that "[s]uch a defect is even more pronounced here where membership in the class is dependent both upon the state of mind of the particular individual involved and upon the state of mind of the particular defendant involved in a situation in which it is perfectly apparent that the defendant's individual opinions as to any given organization may differ."

In the most similar case of De-Bremaecker v. Short, 433 F.2d 733, 734 (5th Cir. 1970), the United States Court of Appeals for the Fifth Circuit held that a " . . . class made up of residents of this State active in the 'peace movement' . . . does not constitute an adequately defined or clearly ascertainable class contemplated by Rule 23 . . . . ."

■ Based on the record presented and the testimony of the witnesses adduced at the hearing and at the pretrial conferences, it is concluded that the class as defined in the case at bar is not shown to exist and the definition is so vague and imprecise that it is incapable of adequate definition under Rule 23 and applicable federal standards. Chaffee v. Johnson, *supra*; Koen v. Long, *supra*; Lopez Tijerina v. Henry, 48 F.R.D. 274 (D.N.M.1969), appeal dismissed, 398 U. S. 922, 90 S.Ct. 1718, 26 L.Ed.2d 86 (1970); Allen v. Pipefitters Local Union No. 208 of Denver, Colorado, *supra*; Ihrke v. Northern States Power Company, 459 F.2d 566 (8th Cir. 1972), judgment vacated and remanded as being moot, 409 U.S. 815, 93 S.Ct. 66, 34 L. Ed.2d 72 (1972); DeBremaecker v. Short, *supra*. The definition of the class is based upon such a general and indefinite state of mind, encompassing a kaleidoscopic variety of mental positions which could be included, that there is no rational or reasonable process of defining and determining the extent and character of the class, and what individuals are in the class or not in it. Chaffee v. Johnson, *supra*; Koen v. Long, *supra*; DeBremaeker v. Short, *supra*.

Even assuming that all persons in the Kansas City, Missouri "area" (and those who may in the future be in the area), with vaguely described political or social philosophies could be identified, a determination of those who might act in a manner subjecting them to arrest under the challenged ordinances, or to surveillance by the Kansas City, Missouri Police Department is practically impossible. More than normal speculation is required for definition of the alleged class relied upon by the plaintiffs.

■ The broad class as defined by the plaintiffs herein would include unidentifiable changing groups and individuals who have not sustained, or are not

in immediate danger of sustaining, direct harm as a result of the actions allegedly taken by the defendants. The Supreme Court of the United States has recently reiterated the ". . . established principle that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has sustained, or is immediately in danger of sustaining a direct injury as the result of that action. . . ." Ex parte Levitt, 302 U.S. 633, 634, 58 S.Ct. 1, 82 L.Ed. 493 (1937); Laird v. Tatum, 408 U.S. 1, 13, 92 S.Ct. 2318, 33 L.Ed.2d 154, 163 (1972), reh. denied, 409 U.S. 901, 93 S.Ct. 94, 34 L.Ed.2d 165 (1972). When consideration is given to the great number of unidentified and unidentifiable class members the named plaintiffs seek to represent, it is not unreasonable to assume that many unknown persons in the purported class assumed to have the necessary political and social philosophies, whose participation in lawful demonstrations and related lawful activities, would not be "chilled" by the alleged actions of the defendants. *See,* DeBremaecker v. Short, 433 F.2d 733, 734 (5th Cir. 1970). In order to be a member of a class it is necessary that each individual have standing to bring the suit in his own right. Kister v. Ohio Board of Regents, 365 F.Supp. 27, 33 (S.D.Ohio 1973), affirmed, 414 U.S. 1117, 94 S.Ct. 855, 38 L.Ed.2d 747 (1974); Thomas v. Clarke, 54 F.R.D. 245, 249 (D.Minn.1971). In the case at bar, it is clear that many, if not most all of the individuals who would be included in the indefinite general purported class, would lack standing to bring such a suit in their own right. Kister v. Ohio Board of Regents, *supra; Cf.* Zahn v. International Paper Company, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). "Members of the class [must] be able to claim specific present harm, or a threat of specific future harm. Such a 'class' is incapable of delineation, as required by Rule 23." Oldroyd v. Kugler, 352 F.Supp. 27, 31 (D.N.J.

1972); Kister v. Ohio Board of Regents, *supra; see also,* Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Laird v. Tatum, *supra.*

█ Further, this action is not properly maintainable as a class action for the additional reason that it is not shown that there are questions of law or fact which are common to the purported members of the indefinite class, as required by Rule 23(a)(2) of the Federal Rules of Civil Procedure.

In their complaint, the plaintiffs seek to restrain the defendants from compiling intelligence information and files and photographs of persons who attend public gatherings because such practices significantly deter the free exercise of political association, assembly, and speech. However, it is clear from the evidence at the hearing that the questions of law presented by this claim are not common to all members of the purported class because not all, if any, members of the purported class as defined by plaintiffs (even if limited only to members of Vietnam Veterans Against the War) are deterred by the alleged surveillance and compilation of dossiers. This is clear from the testimony of George Biswell and Pat McClelland, members of the Vietnam Veterans Against the War, at the hearing held on October 20, 1972. Mr. Biswell testified that he had never felt a reluctance to engage in demonstrations in Kansas City, Missouri, because of fear of police surveillance, whereas Mr. McClelland testified that he was in fact deterred from engaging in certain activities because of the alleged police surveillance.

█ Finally, no useful purpose would be served by permitting this case to proceed as a class action. Ihrke v. Northern States Power Company, 459 F.2d 566, 572 (8th Cir. 1972), judgment vacated and remanded as being moot, 409 U.S. 815, 93 S.Ct. 66, 34 L.Ed.2d 72 (1972). The determination and relief requested herein could be granted regardless whether this action is treated

as an individual action or as a class action. If the ordinance is adjudged to be unconstitutional in a single action by an individual, it will lose all vitality.

Based on the memoranda in support and in opposition to the class action issue, and the testimony and oral argument present at the hearing and at the pretrial conferences, it is concluded that the present action cannot be properly maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

As an individual suit brought by the named party plaintiffs, the present action should be dismissed without prejudice for the separate and independent reasons that: (1) plaintiffs have failed to effectively prosecute the action; (2) plaintiffs have failed to comply with Local Rule 20; (3) plaintiffs have failed to establish the requisite standing to sue; and (4) no presently cognizable justiciable controversy exists.

### Lack of Prosecution and Failure to Comply with Local Rule 20

■ The present action was commenced on July 26, 1971. On November 18, 1971, a "Notice to Counsel" was issued, therein informing the parties that, among other things, a standard pretrial order no. 2 was to be prepared and submitted on the initiative of the plaintiffs, on or before January 23, 1972. That proposed pretrial order no. 2 was never submitted, nor did plaintiffs file any requests for extensions of time in respect thereto. Plaintiffs' last submission was the pretrial memorandum on the class action and discovery issues, which was filed on November 10, 1972.

Further, no formal or informal requests were made by the plaintiffs for trial on the merits.

In light of plaintiffs' failure to comply with Local Rule 20 and the pretrial orders of this Court, and effectively prosecute the present cause of action, this case should be dismissed without prejudice.

### Failure to Establish Standing and Lack of Cognizable Justiciable Controversy [1]

The jurisdiction of federal courts being constitutionally restricted by Article III of the United States Constitution to cases and controversies, this Court must look to the standing of the named plaintiffs. "The 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.'" Flast v. Cohen, 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947, 961 (1968); Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663, 678 (1962).

■ In the case of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court of the United States held that a defendant in a criminal case after indictment had "an acute, live controversy with the State and its prosecutor" in an action to declare the statute under which the indictment was brought as unconstitutional. Conversely, three other parties who "do not claim that they have ever been threatened with prosecution, that a pros-

1. The general legal concept of standing, and its relationship to the related doctrine of justiciable controversy, has not always appeared with clarity in decisions by the various federal courts. See, Bickel, Forward: The Passive Virtues, The Supreme Court, 1960 Term, 75 Harv.L.Rev. 40, 75–76 (1961). The two concepts appear to be loosely employed by the courts. A brief review of the distinction between these two related principles and how they are variously applied may be noted in the cases of Poe v. Ullman, 367 U.S. 497, 503–506, 81 S.Ct. 1752, 6 L.Ed.2d 989, 996–997 (1961) and Flast v. Cohen, 392 U.S. 83, 98–101, 88 S.Ct. 1942, 20 L.Ed.2d 947, 961–962 (1968).

ecution is likely, or even that a prosecution is remotely possible," were held by the Supreme Court not to have standing. In Dombrowski v. Pfister, 380 U.S. 479, 486, 85 S.Ct. 1116, 1121, 14 L.Ed.2d 22 (1965), the Supreme Court stated that "[b]ecause of the sensitive nature of constitutionally protected expression, we have not required that all of those subject to overbroad regulations risk prosecution to test their rights." However, it is not enough that the party claim to "feel inhibited" in the exercise of First Amendment rights. Oldroyd v. Kugler, 352 F.Supp. 27, 29 (D.N.J.1972). "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm; 'the federal courts established pursuant to Article III of the Constitution do not render advisory opinions.'" Laird v. Tatum, 408 U.S. 1, 13–14, 92 S.Ct. 2318, 33 L.Ed.2d 154, 163–164 (1972), reh. denied, 409 U.S. 901, 93 S.Ct. 94, 34 L.Ed.2d 165 (1972); United Public Workers v. Mitchell, 330 U.S. 75, 89, 67 S.Ct. 556, 91 L.Ed.2d 754, 766 (1947). "[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." Linda R. S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536, 541 (1973); see also, Poe v. Ullman, 367 U.S. 497, 501, 81 S.Ct. 1752, 6 L.Ed.2d 989, 994 (1961).

In the case at bar, the plaintiffs state that Jack R. Smith was arrested and charged under Section 26.125 R.O. Kansas City, Missouri, with desecrating the American flag by flying it upside down; that Kansas City selectively enforces Section 26.125 against those who use the flag to express dissenting views; and that members of the Kansas City, Missouri Police Department have attended public assemblies and demonstrations and keep dossiers on those in attendance.

First, it must be noted that neither the complaint nor any of the pleadings submitted by the plaintiffs contain a single allegation that any prosecution has occurred under the ordinance in question. Further, no such showing was made in the evidentiary hearing on the class action issue. Nor is there any indication of any systematic violation of the plaintiffs' rights or any objective threat of prosecution under the ordinance. The only arrest alleged under Section 26.125 is that of Jack R. Smith. The charges against Mr. Smith were dismissed by the City Prosecutor, as shown by the affidavit submitted by counsel for plaintiffs and attached to plaintiffs' response to the order to show cause. No further arrests or prosecutions or any threats thereof are substantially alleged or shown. "These plaintiffs do not allege that they will in the future engage in conduct that will . . . result in their prosecution under" the ordinance in question in the case at bar. Kister v. Ohio Board of Regents, 365 F.Supp. 27, 34 (S.D.Ohio 1973), affirmed, 414 U.S. 1177, 94 S.Ct. 855, 38 L.Ed.2d 747 (1974); Reed v. Giarruso, 462 F.2d 706 (5th Cir. 1972). Nor have the plaintiffs alleged that any state or local official has threatened them with prosecution under the ordinance in question if they engage in certain specified conduct. Kister v. Ohio Board of Regents, supra; see, Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971); Police Department of Chicago v. Mosley, 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972); Thoms v. Heffernan, 473 F.2d 478, 483–485 (2d Cir. 1973).

Similarly, plaintiffs fail to state any objective harm with respect to the alleged surveillance and information-gathering activities. Plaintiffs also fail to state any continued threat of such activities. There is no showing of any misuse of information. Furthermore, the plaintiffs fail to name any one person or party plaintiff who has been the subject of an alleged dossier, or who has otherwise suffered any objective or substan-

tial or measurable harm or has been deterred in the exercise of any First Amendment rights. "The shivering here was self-induced." Fifth Avenue Peace Parade Committee v. Gray, 480 F.2d 326, 332 (2d Cir. 1973), cert. denied, 415 U.S. 948, 94 S.Ct. 1469, 39 L. Ed.2d 563 (1974); see also, Finley v. Hampton, 154 U.S.App.D.C. 50, 473 F.2d 180 (1972); Donohoe v. Duling, 465 F. 2d 196, 201–202 (4th Cir. 1972). "Stripped of its essentials, what [plaintiffs] appear to be seeking is a broadscale investigation, conducted by themselves as private parties armed with the subpoena power of a federal district court and the power of cross-examination, to probe . . . intelligence-gathering activities, with the district court determining at the conclusion of that investigation the extent to which those activities may or may not be appropriate. . . ." Laird v. Tatum, 408 U.S. 1, 14, 92 S.Ct. 2318, 2326, 33 L.Ed.2d 154, 164 (1972), reh. denied, 409 U.S. 901, 93 S.Ct. 94, 34 L.Ed.2d 165 (1972).

Based on a thorough and careful review of the entire record, including the testimony adduced at the hearing and the factual and legal contentions asserted at the pretrial conferences, it is concluded that plaintiffs have failed to adequately establish the requisite standing to bring the present action, and they have further failed to sufficiently state or establish a cognizable and valid litigable issue under the related jurisdictional doctrine of justiciable controversy. Laird v. Tatum, supra; S. v. D., supra; United Public Workers v. Mitchell, supra; Kister v. Ohio Board of Regents, supra; Fifth Avenue Peace Parade Committee v. Gray, supra.

■ Finally, the evidence adduced during the plenary evidentiary hearing on the class action and production and inspection issues, failed to show any impermissible police action. It is not necessary to prove the right to relief to maintain a class action. Eisen v. Carlisle & Jacquelin, —— U.S. ——, 94 S.Ct.

2140, 40 L.Ed.2d 732 (1974). However, there must be a litigable claim. If the representative parties clearly have no litigable claim to present to the Court for relief, a class action should not be judicially approved.

For all the foregoing reasons, it is therefore

Ordered that plaintiffs' request that this action be maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure be, and it is hereby, denied. It is further

Ordered and adjudged that this cause of action be, and it is hereby, dismissed without prejudice for the separate and independent reasons that: (1) plaintiffs have failed to effectively prosecute this action; (2) plaintiffs have failed to comply with Local Rule 20 of the United States District Court for the Western District of Missouri; (3) plaintiffs have failed to establish the requisite standing to bring this action; and (4) no presently cognizable justiciable controversy has been shown to exist.